UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTHA Y.O.O.,[1] | No. 1:26-cv-03900-TLN-SCR |
| Petitioner, | A# 249-099-548 |
| v. | |
| MARKWAYNE MULLIN, et al., | **ORDER** |
| Respondents. | |

This matter is before the Court on Petitioner Martha Y.O.O.'s ("Petitioner") Petition for Writ of Habeas Corpus ("the Petition"). (ECF No. 1.) Respondents filed a Motion to Dismiss the Petition. (ECF No. 7.) For the reasons set forth below, Respondents' Motion to Dismiss is DENIED, the Petition is GRANTED, and Respondents are ordered to IMMEDIATELY RELEASE Petitioner.

///

///

---

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

1

I.    FACTUAL BACKGROUND[2]

This matter arises out of Petitioner's challenge to the lawfulness of her civil immigration detention without a hearing.  In 2013, Petitioner entered the United States as a minor child.  (ECF No. 9-1 at 8.)  Over the last thirteen years, she has built a life here and started a family.  (ECF No. 1 at 6.)  Petitioner now has two minor children of her own.  (*Id.*)

Petitioner is not subject to an order of removal and there is no evidence in the record that Petitioner has any criminal convictions or pending criminal matters.

Nevertheless, on January 14, 2026, U.S. Border Patrol detained Petitioner for lack of lawful immigration status.  (*See* ECF No. 9-1 at 5–6.)  Petitioner was a passenger in a vehicle that was traveling below the speed limit on the highway and a Border Patrol agent conducted a traffic stop.  (*Id.*)  All occupants in the vehicle were handcuffed and transported to the station, where they were advised they were under arrest.  (*Id.* at 6.)  Respondents detained Petitioner and instituted removal proceedings against her "under section 240 of the Immigration and Nationality Act."  (*Id.* at 12.)

Petitioner has now been detained for over four months.  In that time, Respondents have not provided Petitioner with any bond hearing or custody determination hearing.  (ECF No. 1 at 2, 5.)  Petitioner challenges her civil detention without a hearing through the instant Petition.

II.    STANDARD OF LAW

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that she is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its

---

[2]    The facts are not disputed.

2

protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001).  Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention.  *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

### III.    ANALYSIS

Petitioner claims her detention without a hearing violates the Immigration and Nationality Act ("INA") and the Fifth Amendment Due Process Clause.  (ECF No. 1 at 6–7.)  Respondents contend Petitioner is subject to mandatory detention without a hearing.  (ECF No. 7 at 2.)  The Court addresses each claim in turn.

### A.    Immigration and Nationality Act

Petitioner alleges her detention is governed by § 1226(a), which provides for a bond hearing.[3]  (ECF No. 1 at 6.)  "Respondents recognize that the majority of judges in the Eastern District of California have rejected the argument but maintain that Petitioner is an 'applicant for admission' who is subject to mandatory detention by ICE under § 1225(b)" without a bond hearing.  (ECF No. 7 at 2.)

The INA generally provides two administrative processes for the removal of noncitizens deemed inadmissible: expedited removal proceedings and standard removal proceedings.  The expedited removal process is governed by § 1225.  The standard removal process, "section 240 proceedings," is codified at § 1229a.  *Noori v. LaRose*, 807 F. Supp. 3d 1146, 1157 (S.D. Cal. 2025).  For those in standard removal, apprehension and detention during the pendency of those proceedings is governed by § 1226(a) (unless they fall under § 1226(c) for a specific criminal offense, which is not relevant here).  *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022).

Under § 1226(a), the government has broad discretion whether to release or detain the individual.  *Id.*  Section 1226(a) also provides "extensive procedural protections" including several layers of review of the initial custody determination, "an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the

---

[3]    Unless otherwise noted, citations to statute refer to sections of Title 8 of the U.S. Code.

3

right to appeal, and the right to seek a new hearing when circumstances materially change." *Id.* at 1202.

Conversely, § 1225(b)(2) mandates detention during expedited removal proceedings for "applicants for admission" who are "seeking admission" and does not provide for a bond hearing.

Here, Petitioner clearly falls under standard removal proceedings. The charging document, provided by Respondents, states Petitioner is "in removal proceedings under section 240 of the [INA]." (ECF No. 9-1 at 12.) Because Petitioner is in standard removal proceedings, rather than expedited removal proceedings, Petitioner's detention is governed by § 1226(a) rather than § 1225(b). *See Rodriguez Diaz v. Garland*, 53 F.4th at 1196. These two statutes cannot be applied simultaneously. *Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC, 2025 WL 2637503, at *8 (N.D. Cal. Sept. 12, 2025).

Moreover, as Respondents note, the vast majority of courts across this Circuit, including this one, have repeatedly rejected Respondents' argument on the applicability of § 1225(b)(2) to persons like Petitioner who reside in the United States. *See, e.g.*, *Brayan C.C. v. Warden of Cal. City Corr. Ctr.*, No. 2:26-CV-00641-TLN-JDP, 2026 WL 710358, at *2–3 (E.D. Cal. Mar. 13, 2026); *Estrada-Samayoa v. Cruz*, No. 1:25-CV-01565-EFB, 2025 WL 3268280, at *4 (E.D. Cal. Nov. 24, 2025) (collecting cases). "These courts examined the text, structure, agency application, and legislative history of 1225(b)(2) and concluded that it applies only to noncitizens 'seeking admission,' a category that does not include noncitizens like [Petitioner], living in the interior of the country." *Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC (EMC), 2025 WL 2637503, at *8 (N.D. Cal. Sept. 12, 2025) (collecting cases). In comparison, "[t]he government's proposed reading of the statute (1) disregards the plain meaning of section 1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a recent amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." *Lepe v. Andrews*, No. 1:25-CV-01163-KES-SKO (HC), 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025) (collecting cases).

While Respondents acknowledge the weight of authority contrary to their position, they offer no new arguments or facts justifying reconsideration in this case. For these reasons, and

4

consistent with this Court's numerous prior rulings, the Court finds Petitioner is not an applicant for admission subject to mandatory detention under § 1225(b)(2). Rather, Petitioner's detention is governed by § 1226(a) and she is entitled to the process required by that provision, including a bond hearing, at minimum. Respondents have not provided Petitioner with any such bond or custody hearing in over four months of detention. Therefore, Respondents have violated 8 U.S.C. § 1226(a).

B.    Fifth Amendment Violation

Petitioner alleges her detention without a hearing violates the Fifth Amendment Due Process Clause. (ECF No. 1 at 7.) The Fifth Amendment prohibits government deprivation of an individual's life, liberty, or property without due process of law. U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). The Due Process Clause applies to all "persons" within the borders of the United States, regardless of immigration status. *Zadvydas*, 533 U.S. at 693. These due process rights extend to immigration proceedings and detention. *Id.* at 693–94.

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

i.    *Liberty Interest*

As for the first step, the Court finds Petitioner has a protectable liberty interest. "[F]reedom from imprisonment is at the 'core of the liberty protected by the Due Process Clause.'" *Hernandez*, 872 F.3d at 993 (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)). "Even where the revocation of a person's freedom is authorized by statute, that person may retain a protected liberty interest under the Due Process Clause." *See Rico-Tapia v. Smith*, No. 25-CV-00379 SASP-KJM, 2025 WL 2950089, at *8 (D. Haw. Oct. 10, 2025). Liberty interest may be strengthened over time. *See, e.g., Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025)

5

(noting the Government's actions in allowing petitioner to remain in the community for over five years strengthened petitioner's liberty interest).

The Court finds Petitioner has a clear liberty interest in her continued freedom protected by the Due Process Clause.  Petitioner has lived in the United States for over a decade during which time she built a life and started a family with children of her own.  Even if she is subject to removal or her freedom could be revoked by statute, Petitioner's liberty is still protected by the Due Process Clause.  *See Hernandez*, 872 F.3d at 993, *Zadvydas*, 533 U.S. at 693.

In opposition, Respondents argue Petitioner does not possess a liberty interest because her detention is mandated by 8 U.S.C. § 1225(b).  (ECF No. 7 at 2 (citing *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212 (1953), *reaffirmed in DHS v. Thuraissigiam*, 591 U.S. 103, 139 (2020)).)  However, "*Thuraissigiam*'s discussion of due process is necessarily constrained to challenges to admissibility to the United States" and "[t]he Court answered no broader question."  *Padilla v. ICE*, 704 F. Supp. 3d 1163, 1171–72 (W.D. Wash. 2023).  *Thuraissigiam* "does not foreclose . . . due process claims which seek to vindicate a right to a bond hearing with certain procedural protections."  *Id.* at 1172.  In any event, as the Court found above, Petitioner is not subject to mandatory detention by statute, rather Petitioner's detention is subject to discretion and is governed by § 1226(a), which affords certain procedural protections.  Thus, Petitioner maintains her liberty interest protected by due process.  The Court next turns to the procedural safeguards that were owed to Petitioner.

### ii.  Procedures Required

As to the second step — what procedures or process is due — the Court considers three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."  *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

First, as explained above, Petitioner has a substantial private interest in her own liberty that is unquestionably affected by Respondents' actions detaining her.  Despite her interest in

maintaining her liberty, Petitioner has now been detained for over four months, separated from her community, family, and children. Accordingly, this factor weighs strongly in favor of finding Petitioner's private interest has been impacted by her detention. *See Manzanarez v. Bondi*, No. 1:25-CV-01536-DC-CKD (HC), 2025 WL 3247258, at *4 (E.D. Cal. Nov. 20, 2025) (finding similarly).

Second, the risk of erroneous deprivation is significant given Petitioner has not received any opportunity to be heard as to the justification of her detention, either pre- or post-deprivation of liberty. Because civil immigration detention is "nonpunitive in purpose and effect," a "special justification" must outweigh Petitioner's protected liberty interest in order for detention to comport with due process. *Zadvydas*, 533 U.S. at 690. Where removal is not imminent under a final order of removal, "[t]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by [ ] bond or alternative conditions." *Hernandez*, 872 F.3d at 994. Here, Petitioner is not subject to an order of removal; her immigration proceedings are still pending. Neither party discloses any criminal convictions for Petitioner, nor any pending criminal matters. Moreover, Respondents do not claim that Petitioner is a danger to the public or a flight risk. Therefore, the risk that she is being detained without proper justification is high. *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025).

Finally, the government's interest is low, and the effort and cost required to provide Petitioner with procedural safeguards are minimal. *See Garcia v. Andrews*, No. 2:25-CV-01884-TLN-SCR, 2025 WL 1927596, at *5 (E.D. Cal. July 14, 2025). Although the Court recognizes the government's interest in immigration enforcement, that interest does not outweigh all procedural safeguards. Notice and custody determination hearings are routine processes for Respondents and are indeed the very processes required under 8 U.S.C. § 1226(a), governing Petitioner's detention. Any delay in detention (if justified) for the time to provide notice and a hearing would have been minimal. Any burden associated with the provision of these processes does not outweigh Petitioner's substantial liberty interest and the risk of erroneous deprivation.

At a minimum, due process required notice and a hearing as to Petitioner's detention. Respondents did not provide Petitioner a pre-deprivation or post-deprivation hearing in over four months of detention.  Therefore, Respondents violated the Fifth Amendment and Petitioner's procedural due process rights.

### IV.    CONCLUSION[4]

Respondents detained Petitioner in violation of federal law and the Fifth Amendment. Accordingly, IT IS HEREBY ORDERED:

1. Respondents' Motion to Dismiss (ECF No. 7) is DENIED.

2. The Petititon for Writ of Habeas Corpus (ECF No. 1) is GRANTED.

3. Respondents must IMMEDIATELY RELEASE Petitioner Martha Y.O.O. (A# **249-099-548**) from custody under the same conditions as she was released prior to her current detention.  At the time of release, Respondents must return all of Petitioner's documents and possessions and provide Petitioner with a copy of this Order.

4. Respondents are ENJOINED from re-detaining Petitioner absent compliance with constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where: (a) Respondents show material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondents demonstrate by clear and convincing evidence that the government's interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs her constitutionally protected interest in remaining free from detention.  *Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990.  At any such hearing, Petitioner shall be allowed to have counsel present.

5. The Clerk of the Court shall serve this Order on the **California City Corrections Center**.

6. The Clerk of the Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

---

[4] Respondents request the Court hold this case in abeyance until the Ninth Circuit rules on *Rodriguez Vasquez v. Bostock*, 779 F.Supp.3d 1239 (W.D. Wash. 2025), which may have precedential effect on one issue in case.  (ECF No. 7 at 2.)  The Court declines to delay relief on the prospective chance a pending appeal could change the outcome of one issue.

Date: May 27, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE